# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### Case No. 1:21 cv 274

DAVID J. BOVA,

        Plaintiff,

  v.

ABBOTT LABORATORIES, INC.,
ABBVIE, INC., KOS
PHARMACEUTICALS, INC., and
MARLON SULLIVAN,

        Defendant.

**COMPLAINT**

Plaintiff David J. Bova ("Plaintiff" or "Mr. Bova"), by and through undersigned counsel, hereby files his Complaint against Defendants Kos Pharmaceuticals, Inc. ("Kos"), Abbott Laboratories, Inc. ("Abbott"), AbbVie, Inc. ("AbbVie") and Marlon Sullivan ("Sullivan"), Plan Administrator, and respectfully states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1133 and under State contract law to receive benefits to which he is entitled under a pension plan enjoyed by retired employees of Defendants Abbott and AbbVie, successors to Plaintiff's former employer, Defendant Kos Pharmaceuticals,

-1-

Inc. ("Kos"). Plaintiff further seeks to recover his attorney's fees and the costs of bringing this action.

## PARTIES

2. Plaintiff David J. Bova is currently a resident of Chapel Hill, North Carolina, with his residence located in Chatham County, North Carolina.

3. Abbott is a corporation organized under the laws of the State of Delaware with its principal place of business in Abbott Park, Illinois.

4. AbbVie is a corporation organized under the laws of the State of Delaware with a principal place of business in North Chicago, Illinois.

5. Marlon Sullivan is the named Plan Administrator and the Named Sponsor of the Plan. As named Plan Administrator, Mr. Sullivan is a fiduciary of the Plan.

6. Until December 22, 2008, Kos was a corporation organized under the laws of the State of Florida. Sometime after that date, Kos was converted to a corporation organized under the laws of Delaware, with a principal place of business in Abbott Park, Illinois.

## JURISDICTION AND VENUE

7. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C.A. §§ 1001 et seq.), referred to below as the

2

Act. This Court has jurisdiction under 29 U.S.C.A. § 1132(e).

8.     Abbott has, at all times material in this action, administered a pension plan within the meaning of 29 U.S.C.A. § 1002(2)(A).

9.     AbbVie has, at all times material in this action, administered a pension plan within the meaning of 29 U.S.C.A. § 1002(2)(A).

10.    Since 2006, Kos has, at all times material in this action, administered a pension plan within the meaning of 29 U.S.C.A. § 1002(2)(A).

11.    Plaintiff was employed by Kos, a Florida corporation, under an employment agreement dated December 18, 1992, as an "Executive." A copy of this Employment Agreement is attached as **Exhibit A**.

12.    On December 21, 2001, Plaintiff and Kos memorialized an amendment to that Agreement. A copy of this Agreement is attached as **Exhibit B.**

13.    Plaintiff's last day of employment with Kos was July 31, 2002.

14.    Kos was acquired by Abbott Laboratories in 2006. Abbott assumed all of the liabilities of Kos at the time of the merger.

15.    Abbott administered a health and welfare benefits plan within the meaning of 29 U.S.C.A. § 1002(1). Plaintiff sought, was offered, and accepted health and welfare benefits under this plan as a retiree effective July 1, 2011**.** See **Exhibit C**. He has received such benefits as an Abbott

3

retiree since that date.

16. Although Plaintiff was unaware of this, at or near the time of its acquisition Kos operated a pension plan within the meaning of 29 U.S.C. §1002(2)(A) in 2007 and 2008. See Form 5500 for 2007 and 2008 attached as **Exhibit D.**

17. In addition, Plaintiff was not aware that Abbott also operated a pension plan within the meaning of 29 U.S.C. §1002(2)(A) during 2006 at the time it acquired Kos. See **Exhibit D.**

18. In 2013, Abbott spun off Kos and it became a wholly owned subsidiary of AbbVie.

19. Stephen R. Fussell was listed as the administrator of Kos pension plan in 2007 and 2008 and the administrator of Abbott pension plan in 2006. On information and belief, Mr. Fussell was succeeded by Marlon Sullivan as plan administrator.

20. At all times material in this action, the Kos and Abbott pensions plans maintained its offices and principal place of business at 200 Abbott Park Road in Abbott Park Illinois.

21. Upon information and belief, Plaintiff is entitled to be a participant and a beneficiary of the pension plans made available to former Kos, Abbott, or AbbVie employees within the meaning of § 3(7) of the Act (29

4

U.S.C.A. § 1002(7)).

22. On July 20, 2020, Plaintiff sent a written request to Diego Martinez at Abbott Laboratories for the summary plan description for Abbott employee benefits in effect on December 21, 2020.

23. Mr. Martinez responded to Plaintiff refusing to provide plan documents and stating:

> I am not able to provide you with Abbott employee benefit plan documentation as of December 31, 2006 because Abbott's records indicate that you were not a participant in any Abbott employee benefit plan on that date. Please let me know if you have a specific request regarding Abbott employee benefits to which you are entitled.

See **Exhibit E**.

24. Mr. Martinez however admitted that he, and therefore Abbott, was aware that Plaintiff was in fact entitled to and receiving benefits as an "Abbott retiree." He stated: "If you would like information on the **Abbott retiree medical benefits** for which you are currently enrolled, you may contact the Abbott Benefits Center at 844-30-MY-ABC (844-306-9222)." (Emphasis added).

25. Defendants have failed to respond to Plaintiff's written request for a period of more than 30 days and has thus violated §§ 104(b)(4) and 502(c) of the Act (29 U.S.C.A. § 1024(b)(4), 29 U.S.C.A. § 1132(c)).

5

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment that:

1. Defendant be required to furnish the Plaintiff with a copy of all materials requested by Plaintiff on July 20, 2020;

2. The Court invoke the provisions of § 502(c) of the Act (28 U.S.C.A. § 1132(c)) by requiring Defendants to pay plaintiff $110.00 per day commencing 30 days after the written request was made;

3. The Court impose such other penalties on defendant as it may deem appropriate as a deterrent to similar failures or refusals to comply with the Act in the future;

4. The Court allow attorney's fees and costs of this action; and

5. The Court order such other and further relief as the Court may find proper.

6

RESPECTFULLY SUBMITTED, this 1st day of April 2021.

/s/ Valerie L. Bateman
Valerie L. Bateman
NC State Bar No. 13417
FORREST FIRM, P.C.
406 Blackwell Street, Ste 420
Durham, NC 27701
Phone/Fax: (919) 436-3592
Valerie.bateman@forrestfirm.com

/s/ Rachel M. Blunk
Rachel M. Blunk
NC State Bar No. 42694
FORREST FIRM, P.C.
125 S. Elm St., Ste. 100
Greensboro, NC 27401
Phone/Fax: (336) 663-1052
Rachel.Blunk@forrestfirm.com

*Attorneys for Plaintiff David J. Bova*

7