IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID J. BOVA,                          )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )        1:21-CV-274
                                        )
ABBOTT LABORATORIES, INC.;              )
ABBVIE INC.; KOS                        )
PHARMACEUTICALS, INC.; and              )
JOHN DOE, PLAN ADMINISTRATOR;           )
                                        )
        Defendants.                     )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

        Before this court are a Motion to Dismiss Plaintiff's
Second Amended Complaint, (Doc. 55), filed by Defendants AbbVie
Inc. ("AbbVie") and Kos Pharmaceuticals, Inc. ("Kos"), and a
Motion to Dismiss Second Amended Complaint, (Doc. 57), filed by
Defendants Abbott Laboratories, Inc. ("Abbott") and John Doe,
Plan Administrator ("Doe"). For the following reasons, this
court will grant AbbVie and Kos's motion, (Doc. 55), in part,
and grant Abbott and Doe's motion, (Doc. 57), in part.
Plaintiff's remaining claims will be dismissed without prejudice
for lack of subject matter jurisdiction.

# I.  <u>FACTUAL BACKGROUND</u>

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint." <u>Ray v. Roane</u>, 948 F.3d 222, 226 (4th Cir. 2020) (internal quotation mark omitted) (quoting <u>King v. Rubenstein</u>, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

Plaintiff David J. Bova began working at Kos in 1992. (Sec. Am. Compl. (Doc. 51) ¶ 13; Ex. A ("Employment Agreement") (Doc. 51-1) at 2.)[1, 2] In 2001, Kos sent Plaintiff a letter "confirm[ing] the understandings that [they] ha[d] reached concerning [Plaintiff's] ongoing involvement with the Company." (Ex. B ("Letter Agreement") (Doc. 51-2) at 2; Sec. Am. Compl. (Doc. 51) ¶ 14.) Among other things, the Letter Agreement stated

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] Because the Second Amended Complaint "incorporate[s] [the exhibits] into the complaint by reference," <u>Oberg v. Pa. Higher Educ. Assistance Agency</u>, 745 F.3d 131, 136 (4th Cir. 2014), and because Defendants rely on these exhibits in their briefs, (<u>see, e.g.</u>, Mem. of Law by Defs. Kos and AbbVie in Supp. of Their Rule 12(b)(6) Mot. to Dismiss Pl.'s Sec. Am. Compl. ("Kos and AbbVie's Br.") (Doc. 56) at 2; Mem. of Law in Supp. of Abbott Laboratories, Inc. and John Doe's Mot. to Dismiss Sec. Am. Compl. ("Abbott and Doe's Br.") (Doc. 58) at 3), this court finds the exhibits may properly be considered without converting the motion to dismiss to one for summary judgment, <u>see</u> <u>Goldfarb v. Mayor & City Council of Balt.</u>, 791 F.3d 500, 508 (4th Cir. 2015).

that "[i]f and when an employee pension plan is implemented for the Company, you will be considered eligible based on your tenure with the Company through your last day of active employment (presumably, July 31, 2002) and your age, subject to the provisions of such a plan." (Letter Agreement (Doc. 51-2) at 2; Sec. Am. Compl. (Doc. 51) ¶ 15.) Plaintiff's last day of employment with Kos was July 31, 2002. (Sec. Am. Compl. (Doc. 51) ¶ 16.)

In 2006, Kos was acquired by Abbott pursuant to an Agreement and Plan of Merger. (Ex. H ("Merger Agreement") (Doc. 51-8); Sec. Am. Compl. (Doc. 51) ¶ 17.) The Merger Agreement was dated as of November 5, 2006, (Merger Agreement (Doc. 51-8) at 1), and the "Effective Time" was defined as "the date and time of the acceptance of the filing of the Articles of Merger by the Florida Department of State, Division of Corporations, or such later time as is specified in the Articles of Merger," (id. at 12 (§ 1.5)). "Parent" is defined as "Abbott Laboratories, an Illinois corporation," "Company" is defined as "Kos Pharmaceuticals, Inc., a Florida corporation," and "Surviving Corporation" is defined as the company resulting from the merger of an Abbott wholly owned subsidiary into Kos. (Id. at 7, 11 (§ 1.4).) As to employee benefits matters, the Merger Agreement provides that:

> [a]s of and after the Effective Time, Parent will, or
> will cause the Surviving Corporation to, **give Company
> Employees who are employed by Parent or its
> Subsidiaries immediately following the Effective Time
> full credit** for purposes of eligibility and vesting
> and benefit accruals . . . under any employee benefit
> (including vacation) plans, programs, policies and
> arrangements maintained for the benefit of Company
> Employees as of and after the Effective Time by
> Parent, its Subsidiaries or the Surviving Corporation
> for the Company Employees' pre-Effective Time service
> with the Company, its Subsidiaries and their
> predecessor entities, . . . **to the same extent
> recognized by the Company immediately prior to the
> Effective Time.**

(Id. at 42 (§ 6.5(b)) (emphasis added).) "Company Employees" is

defined as "any current, former or retired employee, officer,

consultant, independent contract or director of the Company or

its Subsidiaries." (Id. at 25 (§ 3.10(a).)[3]

At the time of the merger, Abbott operated a pension plan

within the meaning of 29 U.S.C. § 1002(2)(A). (Ex. E ("2007

Abbott Pension Plan") (Doc. 51-5); Ex. G ("2021 Abbott Pension

Plan") (Doc. 51-7); together, the "Abbott Pension Plan.")

Plaintiff alleges that Abbott's plan "became Kos' plan" when the

merger occurred. (Sec. Am. Compl. (Doc. 51) ¶ 30.) However,

Plaintiff does not allege that he was employed by Abbott

immediately following the Effective Time, on or after November

5, 2006, (id. ¶ 16 ("Plaintiff's last day of employment with Kos

---

[3] There is no allegation that Kos was a subsidiary of Abbott
at the time of the merger.

- 4 -

was July 31, 2002"); id. ¶ 24 ("Plaintiff worked for Kos from December 18, 1992, . . . until to July 31, 2002"). The Merger Agreement does not provide a definition for what it means to be "employed by Parent . . . immediately following the Effective Time," (see Merger Agreement (Doc. 51-8) at 42), however, the Abbott Pension Plan provides a definition for "employee." The Abbott Pension Plan states that an individual is an "employee" "only if . . . an employer treats that individual as its employee for purposes of employment taxes and wage withholding for Federal income taxes." (2007 Abbott Pension Plan (Doc. 51-5) at 9-10 (§ 2.1); 2021 Abbott Pension Plan (Doc. 51-7) at 10-11 (§ 2.1).) To be eligible to participate in the Abbott Pension Plan in any given year, an individual must have been an employee during that same year. (Id.) Plaintiff does not allege that he met the Abbott Pension Plan's definition of "employee" in any year for which he seeks benefits, and does not allege facts which support a finding or inference that he meets any of the eligibility criteria for the Abbott Pension Plan.[4] Instead,

---

[4] Plaintiff does, however, supply the court with protracted references to the "Retirement Dates," "Amount of Retirement Income," and "Payment of Benefits" sections of the Abbott Pension Plan. (Sec. Am. Compl. (Doc. 51) ¶¶ 21-23, 25-26.) It is unclear to the court why Plaintiff so explicitly pleads the calculus of his alleged benefit award, yet omits any reference to the Abbott Pension Plan's eligibility provisions.

Plaintiff argues that his agreement with Kos supports his claim for benefits from the Abbott Pension Plan. (See, e.g., Pl.'s Resp. to Mot. to Dismiss by Defs. Kos & AbbVie (Doc. 59) at 9.)

Abbott also administered a health and welfare benefits plan within the meaning of 29 U.S.C. § 1002(1), which provided retiree medical and dental coverage. (Sec. Am. Compl. (Doc. 51) ¶ 29.) In 2011, Plaintiff inquired about and enrolled in this health and welfare benefit plan, and has received those benefits to date. (Ex. C ("Abbott Health Coverage Letter") (Doc. 51-3) at 2; Sec. Am. Compl. (Doc. 51) ¶ 29.) In 2013, Abbott "spun off Kos," and Kos became a wholly-owned subsidiary of AbbVie. (Sec. Am. Compl. (Doc. 51) ¶ 31.)

Plaintiff alleges that he is "entitled to be a participant and beneficiary of the pension plans made available to former Kos, Abbott, or AbbVie employees within the meaning of . . . 29 U.S.C. § 1002(7)[]." (Sec. Am. Compl. (Doc. 51) ¶ 33.) As a result, on July 20, 2020, "Plaintiff sent a written request to Diego Martinez at Abbott Laboratories" seeking the "summary plan description for Abbott employee benefits in effect on December

31, [2006]."⁵ (Sec. Am. Compl. (Doc. 51) ¶ 34; Ex. D (Martinez Response Letter) (Doc. 51-4) at 2.)

Martinez responded on August 21, 2020, that he was "not able to provide [Plaintiff] with Abbott employee benefit plan documentation as of December 31, 2006, because Abbott's record indicated that [Plaintiff] was not a participant in any Abbott employee benefit plan on that date." (Martinez Response Letter (Doc. 51-4) at 2; Sec. Am. Compl. (Doc. 51) ¶ 35.) Martinez also wrote that Plaintiff should "let [Martinez] know if [Plaintiff] ha[s] a specific request regarding Abbott employee benefits to which [Plaintiff is] entitled," and gave contact information for the Abbott Benefits Center in case Plaintiff "would like information on the Abbott retiree medical benefits for which [Plaintiff] is currently enrolled." (Martinez Response Letter (Doc. 51-4) at 2; Sec. Am. Compl. (Doc 51) ¶ 36.)

Plaintiff alleges that Defendants "violated §§ 104(b)(4) and 502(c) of the Act (29 U.S.C.A. § 1024(b)(4), 29 U.S.C.A. § 1132(c))" by failing to respond to Plaintiff's written request within thirty days. (Sec. Am. Compl. (Doc. 51) ¶ 37.) Plaintiff

_____

⁵ Plaintiff's complaint states "Plaintiff sent a written request . . . for Abott employee benefits in effect on December 21, 2020," (Sec. Am. Compl. (Doc. 51) ¶ 34), but the letter states Plaintiff "requested a copy of the Abott employee benefits plan in effect on December 31, 2006, (Martinez Response Letter (Doc. 51-4) at 2).

further alleges that "Defendants have failed and refused to pay Plaintiff benefits to which he is entitled under a qualified retirement plan under ERISA, the plan documents, and by contract." (Sec. Am. Compl. (Doc. 51) ¶ 38.)

In his complaint, Plaintiff brings four claims against Defendants. The first is a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) ("Section 501(a)(1)(B)"), for failure "to appropriately administer its pension plan in accordance with its plan documents," and as a result "Plaintiff was . . . denied benefits under Defendants' pension plan and has suffered damages for which Defendants are responsible under ERISA." (Sec. Am. Compl. (Doc. 51) ¶¶ 39–44.) Plaintiff's second claim is brought under ERISA, 29 U.S.C. § 1132(c) ("Section 502(c)"), and his third and fourth claims are for breach of contract and fraud, respectively. (Sec. Am. Compl. (Doc. 51) ¶¶ 45–62.)

Defendants Kos and AbbVie moved to dismiss, (Doc. 55), and filed a brief in support, (Kos and AbbVie's Br. (Doc. 56)). Defendants Abbott and Doe also moved to dismiss, (Doc. 57), and filed a brief in support, (Abbott and Doe's Br. (Doc. 58)). Plaintiff responded to both motions, (Pl.'s Resp. to Mot. to Dismiss by Defs. Kos & AbbVie (Doc. 59); Pl's Resp. to Mot. to Dismiss by Defs. Abbott and John Doe (Doc. 60), and Defendants

replied, (Reply by Defs. AbbVie Inc. & Kos Pharmaceuticals, Inc.
in Supp. of Their Rule 12(b)(6) Mot. to Dismiss Pl.'s Sec. Am.
Compl. (Doc. 63); Reply Mem. in Supp. of Abbott Laboratories
Inc.'s & John Doe's Mot. to Dismiss Sec. Am. Compl. (Doc. 64).

## II.   <u>STANDARD OF REVIEW</u>

"To survive a [Rule 12(b)(6)] motion to dismiss, a
complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim
is plausible on its face "when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged" and
demonstrates "more than a sheer possibility that a defendant has
acted unlawfully." <u>Id.</u>

When ruling on a motion to dismiss, this court accepts the
complaint's factual allegations as true. <u>Id.</u> Further, this court
liberally construes "the complaint, including all reasonable
inferences therefrom . . . in the plaintiff's favor." <u>Est. of
Williams-Moore v. All. One Receivables Mgmt., Inc.</u>, 335 F. Supp.
2d 636, 646 (M.D.N.C. 2004). This court does not, however,
accept legal conclusions as true, and "[t]hreadbare recitals of

- 9 -

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Generally, in resolving a Rule 12(b)(6) motion to dismiss, "a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (citing Fed. R. Civ. P. 12(d)). The court can, however, properly consider "documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). As is the case before this court, "when the plaintiff attaches or incorporates a document upon which his claim is based," and contradictions or inconsistencies exist between the complaint and any attached or incorporated documents, "crediting the document over conflicting allegations in the complaint is proper." Goines v. Valley Community Services Bd., 822 F.3d 159, 167 (4th Cir. 2016). Under this "exhibit-prevails rule," "if a plaintiff 'attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is

appropriate if the document negates the claim.'"[6] Id. at 166–67 (quoting Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002)). Defendants have not challenged the authenticity of any of the exhibits attached to Plaintiff's complaint, therefore this court will consider those exhibits in adjudicating the motions to dismiss.

## III. **ANALYSIS**

Plaintiff brings four claims against Defendants: (I) violation of ERISA § 502(a)(1)(B); (II) denial of requested documents under ERISA § 502(c); (III) breach of contract; and (IV) fraud. (Sec. Am. Compl. (Doc. 51) ¶¶ 39–62.)

### A. **Counts I and II: ERISA Violations**

#### 1. **Proper Defendants**

The proper defendants to a claim for benefits under ERISA § 502(a)(1)(B) are "the pension plan itself as an entity and any fiduciaries who control the administration of the pension plan." McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471, 475 (M.D.N.C. 2004); accord Lewis v. Aetna Life Ins. Co., No. CCB-19-860, 2020 WL 247461, at *3 (D. Md. Jan. 15, 2020) ("Courts in this Circuit have stated that an ERISA benefits action may be

---

[6] "Accordingly, if a breach-of-contract plaintiff alleges a failure to perform an act required by the contract, the contract's description of the defendant's duties will prevail over the plaintiff's contrary characterization." Goines, 822 F.3d at 166.

brought against the entity with decision-making authority and the benefit plan itself."); Martin v. PNC Fin. Servs. Grp., Inc., No. 11-CV-00138, 2012 WL 1802509, at *3 (W.D.N.C. May 17, 2012) ("[A]lthough our Fourth Circuit has not published a decision that expressly holds who is a proper defendant in an action for benefits under section 1132(a)(1)(B), the Fourth Circuit appears to be aligned with those that permit a plaintiff to bring an action against the pension plan itself as an entity as well as any fiduciaries with control over the administration of the pension plan."). A fiduciary, for purposes of ERISA § 502(a)(1)(B), is "any person or entity who actually exercises discretionary authority, control, or responsibility over the plan." McRae, 301 F. Supp. 2d at 475–76; see also 29 U.S.C. 1002(21)(A).

Courts in the Fourth Circuit have applied a control test to evaluate the extent to which a person or entity exercises discretionary authority, control, or responsibility over a plan. See McRae, 301 F. Supp. 2d at 475–46; Abbott v. Duke Energy Health & Welfare Benefit Plan, No. 07-CV-110, 2007 WL 3200797 , at 2–3 (W.D.N.C. Aug. 7, 2007) (noting the control test is fact-intensive); cf. Colon v. Pencek, No. 07-CV-473, 2008 WL 4093694, at *6 (W.D.N.C. Aug. 28, 2008) (noting that the very language of the plan at issue made clear that no defendant qualified as a

fiduciary). "[T]he determination of a defendant's level of discretion is a fact-specific inquiry frequently ill-suited for a motion to dismiss." Martin, 2012 WL 1802509, at *3. But when the complaint lacks any allegation that the defendant is a fiduciary of the plan, the defendant is not a proper party to an ERISA action. See Colon, 2008 WL 409694, at *6.

In this case, Plaintiff alleges that "John Doe is a pseudonym for the named Plan Administrator and the Named Sponsor of the Plan. As named Plan Administrator, Mr. Doe is a fiduciary of the plan." (Sec. Am. Compl. (Doc. 51) ¶ 7.) Plaintiff further alleges that Abbott and AbbVie both "administered a pension plan within the meaning of 29 U.S.C.A. § 1002(2)(A)." (Sec. Am. Compl. (Doc. 51) ¶¶ 5, 6.) Finally, Plaintiff alleges that "a pension plan within the meaning of 29 U.S.C.A. § 1002(2)(A) was implemented for Kos" as a result of Kos and Abbott's 2006 merger. (Sec. Am. Compl. (Doc. 51) ¶ 9.)

Based on these allegations, Defendant Doe is a proper defendant to Plaintiff's ERISA § 502(a)(1)(B) claim because he is alleged to be a fiduciary. (Sec. Am. Compl. (Doc. 51) ¶ 7.) However, the same cannot be said for Defendants Abbott, AbbVie, and Kos. Nowhere in Plaintiff's Second Amended Complaint has he alleged that those defendants are fiduciaries of any pension plan such that they exercise any discretion or control. In

- 13 -

McRae, the court dismissed the complaint against some of the named defendants because the "[p]laintiffs' complaint provide[d] no factual basis whatsoever to support a finding that the other named Defendants actually exercised discretionary authority, control, or responsibility over the Pension Plan." 301 F. Supp. 2d at 476. Likewise, in Colon, the court dismissed the complaint against the defendants because the complaint lacked any allegation that the defendants were fiduciaries of the plan. 2008 WL 4093694, at *6. Plaintiff's allegations that Abbott, AbbVie, and Kos administered a pension plan are "mere[ly] conclusory statements," Iqbal, 556 U.S. at 678, which are insufficient to survive a motion to dismiss. Because the Second Amended Complaint lacks more specific allegations about how Abbott, AbbVie, and Kos controlled the Plan, they are not proper defendants to Plaintiff's ERISA § 502(a)(1)(B) claim.

Turning to Plaintiff's second ERISA claim, ERISA § 502(c) provides for liability against "any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c). "Administrator" is defined by ERISA as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or

- 14 -

(iii) in the case of a plan for which an administrator
        is not designated and a plan sponsor cannot be
        identified, such other person as the Secretary may by
        regulation prescribe.

Id. § 1002(16)(A).

        This court finds that only Defendant Doe is a proper
defendant to Plaintiff's Section 502(c) claim. Because Defendant
Doe is alleged to be the Plan Administrator and Named Sponsor,
(Sec. Am. Compl. (Doc. 51) ¶ 7), he is an "administrator" as
defined by 29 U.S.C. § 1002(16)(A) and therefore may be liable
under Section 502(c). Conversely, Defendants Abbott, AbbVie, and
Kos are not "administrator[s]" within the meaning of 29 U.S.C.
§ 1002(16)(A) because, despite alleging that these defendants
"administered" various pension plans, (Sec. Am. Compl. (Doc. 51)
¶¶ 5, 6), the Second Amended Complaint lacks any allegations
that these defendants were designated by any plan as an
administrator or plan sponsor.

        Because Defendants Abbott, AbbVie, and Kos are not proper
defendants to Plaintiff's ERISA claims, this court will grant
their motions to dismiss as Plaintiff's ERISA claims.

        2. **Count I: Violation of Section 502(a)(1)(B)**

        Defendant Doe, the sole remaining defendant, argues that
Plaintiff's complaint is subject to dismissal because Plaintiff
is not eligible to participate in the Abbott Pension Plan
according to its terms. (Abbott and Doe's Br. (Doc. 58) at 12–

                              - 15 -

13.) Section 502(a)(1)(B) of ERISA permits "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Defendant argues that Plaintiff is not eligible to participate in the Plan because he was not "employed by Abbott or an Abbott subsidiary 'immediately following the Effective Time'" of the merger between Abbott and Kos, and was not treated as an employee during any pertinent year in which the Abbott Pension Plan was in place. (Abbott & Doe's Br. (Doc. 58) at 13, 15; Merger Agreement (Doc. 51-8) at 42 (§ 6.5(b)); 2007 Abbott Pension Plan (Doc. 51-5) at 9–10 (§ 2.1); 2021 Abbott Pension Plan (Doc. 51-7) at 10–11 (§ 2.1).) By contrast, Plaintiff argues that "the [Letter Agreement] between Kos and Plaintiff was assumed by Abbott" so that "Defendants agreed to provide Plaintiff participation in any pension plan to which employees of KOS became entitled," "Plaintiff is entitled to be a participant and a beneficiary of the pension plans made available to former Kos, Abbott, or AbbVie employees," and "Defendants had a good faith obligation under its [Employment Agreement and Letter Agreement] with Plaintiff to provide him

- 16 -

those benefits that it agreed to provide." (Sec. Am. Compl.
(Doc. 51) ¶¶ 28, 33, 53, 56.)

Plaintiff's assertions that he is eligible for benefits
ignore key language in the Letter Agreement, the Merger
Agreement, and the Abbott Pension Plan which are in direct
contradiction to his allegations. (See Letter Agreement
(Doc. 51-2); Merger Agreement (Doc. 51-8); 2007 Abbott Pension
Plan (Doc. 51-5); 2021 Abbott Pension Plan (Doc. 51-7).) While
it is true that the Letter Agreement states that Plaintiff would
become eligible for a pension plan "[i]f and when . . .
implemented for [Kos]," this provision explicitly states that
Plaintiff's eligibility is "subject to the provisions of such a
plan." (Letter Agreement (Doc. 51-2) at 2.) This language,
"subject to the provisions of such a plan," in the Letter
Agreement is consistent with precedent holding that claims for
ERISA plan benefits "stand[] or fall[] by 'the terms of the
plan,'" Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan, 555
U.S. 285, 300 (2009) (quoting 29 U.S.C. § 1132(a)(1)(B)),
because "ERISA's statutory scheme 'is built around reliance on
the face of written plan documents,'" id. at 301 (quoting
Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995).
See also Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 56
(4th Cir. 1992) (ERISA "places great emphasis upon adherence to

- 17 -

the written provisions in an employee benefit plan"); <u>Kearney v.</u>
<u>Blue Cross & Blue Shield of N.C.</u>, 376 F. Supp. 3d 618, 627
(M.D.N.C. 2019) (dismissing ERISA claim because the plaintiff
lacked standing "[i]n light of the clear, unambiguous language"
of the plan at issue); <u>Valderamma v. Honeywell TSI Aerospace</u>
<u>Servs.</u>, No. RWT 09CV2114, 2010 WL 2802132, at *9 (D. Md. July
14, 2010) (holding that statements made in a separation
agreement that the plaintiff would be entitled to bridge leave
and early retirement could not override ERISA plan terms
excluding the plaintiff from coverage, because "when a written
representation conflicts with the terms of the Plan, the Plan
controls") (citing <u>HealthSouth Rehabilitation Hosp. v. American</u>
<u>Nat. Red Cross</u>, 101 F.3d 1005, 1010 (4th Cir. 1996)). Therefore,
this court will analyze Plaintiff's claim that he is eligible
for Abbott Pension Plan benefits based on the provisions
contained in the Abbott Pension Plans themselves.

The plain language of the Abbott Pension Plan states that
"an individual will become a participant" if that individual is
an "employee," meaning "during that plan year[,] an employer
treats that individual as its employee for purposes of
employment taxes and wage withholding for Federal income taxes."
(2021 Abbott Pension Plan (Doc. 51-7) at 10–11 (§ 2.1).) Thus,
under the terms of the Abbott Pension Plan, Plaintiff must have

- 18 -

been treated as an employee by Abbott for employment and Federal income tax purposes during the year of the merger to be eligible for plan benefits. As Plaintiff alleges, Plaintiff's employment with Kos terminated in 2002, and the Abbott Pension Plan was implemented for Kos when the companies merged in 2006.[7] Plaintiff does not allege that he was treated as an employee for employment and Federal income tax purposes from the year 2006 onward,[8] therefore Plaintiff is not an employee eligible to participate in the Abbott Pension Plan by its terms. Moreover, the Merger Agreement between Kos and Abbott provides that only Kos employees who "are employed" by Abbott "immediately following" the merger will receive credit for their employment with Kos for purposes of determining their eligibility and

---

[7] Notably, the Abbott Pension Plan contains several special eligibility provisions for employees of various companies acquired by Abbott between 1999 and 2016 that explicitly "elected to become an employer under the plan," but no special provision exists for the Kos merger. (See 2021 Abbott Pension Plan (Doc. 51-7) at 21–23 (§§ 4.13–4.21); see also 2007 Abbott Pension Plan (Doc. 51-5) at 10, 12, 20 (§§ 2.1(g), 2.8, 4.13, 4.14).)

[8] Plaintiff argues that his enrollment in Abbott health and welfare benefits necessarily entitles him to participate in the Abbott Pension Plan. (Sec. Am. Compl. (Doc. 51) ¶¶ 39, 40.) However, when determining eligibility under an ERISA plan, "it does not matter that a plaintiff was once a participant, or that he is a participant in another plan," Gardner v. E.I. DuPont de Nemours & Co., Inc., 165 F.3d 18 (Table), No. 97-2462, 1998 WL 743669, at *3 (4th Cir. Oct. 23, 1998), and this court is inclined to consider only the terms of the Abbott Pension Plan at issue, as opposed to Plaintiff's unsupported conclusions, in determining Plaintiff's eligibility for that same plan.

- 19 -

vesting and benefit accruals under the Abbott Pension Plan. (Merger Agreement (Doc. 51-8) § 6.5(b)). Plaintiff was not employed by Abbott immediately following the merger between Abbott and Kos, therefore Plaintiff's years of service to Kos do not render him eligible for benefits under the Abbott Pension Plan.

Plaintiff contends the agreement between Plaintiff and Kos determined Plaintiff's eligibility for the plan and, as a result, Plaintiff seems to contend that the phrase "subject to the provisions of the plan" relates solely to the calculation of benefits and does not relate to eligibility. Under some circumstances, that might be persuasive, but it is not here. Abbott's Plan, through the merger and plan documents, defines eligible participants. Thus, to adopt Plaintiff's interpretation of the Kos agreement, this court would be required to re-write Abbott's agreement with Kos and the Abbott Pension Plan. Plaintiff has not cited any cases, nor is the court aware of any, which would allow an interpretation of the phrase "subject to the provisions of the plan" to modify and supersede some provisions of the plan. That interpretation of the phrase would modify both the Kos and Abbott contracts.

To find that Plaintiff is eligible for Abbott Pension Plan benefits would require this court to "depart from the written

- 20 -

terms of a contract," which "is particularly inappropriate in a case involving ERISA, which places great emphasis upon adherence to the written provisions in an employee benefit plan." Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 56 (4th Cir. 1992) (dismissing plaintiff's claims because "acceptance of any of them would require this court to rewrite the contract" such that "the written plan would no longer be the benchmark in an action under ERISA"). After examination of the provisions of the Abbott Pension Plan, in accordance with the Letter Agreement's statement that any future pension plan eligibility would be "subject to the provisions of such a plan," Plaintiff cannot plausibly allege that he is eligible to participate in the Abbott Pension Plan. Accordingly, Defendant Doe's motion to dismiss Plaintiff's Section 502(a)(1)(B) claim must be granted due to Plaintiff's failure to state a claim.

### 3. Count II: Violation of Section 502(c)

Similarly, Defendant Doe's motion to dismiss Plaintiff's Section 502(c) claim must also be granted. Defendant argues that Plaintiff is ineligible to participate in the Abbott Pension Plan, so he cannot recover under Section 502(c) because that Section applies only to the failure to provide plan documents to participants or beneficiaries. (Abbott & Doe's Br. (Doc. 58) at 16-18.)

Under Section 502(c)(1), if an administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," statutory penalties may be assessed in the court's discretion. 29 U.S.C. § 1132(c)(1); see also Brooks v. Metrica, Inc., 1 F. Supp. 2d 559, 564-66 (E.D. Va. 1998). Upon written request of any participant, the plan administrator is required to "furnish a copy of the latest updated summary plan description [and various other plan documents]." Cole v. Champion Enters., Inc., No. 05CV00415, 2005 WL 8167130, at *11 (M.D.N.C. Nov. 1, 2005) (quoting 29 U.S.C. § 1024(b)(4)). "To be entitled to receive plan documents and assert a claim for penalties for failure to provide those documents, one must first be a plan 'participant.'" Id. at *12 (quoting 29 U.S.C. § 1132(c)). A former employee is a "participant" entitled to plan information only if he has "a reasonable expectation of returning to covered employment" or "a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989) (citation omitted).

Here, Plaintiff alleges that he "requested a copy of the summary benefit plan" "[i]n an attempt to learn the terms of the

- 22 -

pension plan administered by Defendants and his eligibility therefore." (Sec. Am. Compl. (Doc. 51) ¶ 45.) In response, "Defendants denied [Plaintiff] a copy of the plan and stated he was not a retiree entitled to access to the plan." (Sec. Am. Compl. (Doc. 51) ¶ 46; Martinez Letter (Doc. 51-4) at 2.)

As discussed above, under the terms of the Abbott Pension Plan attached by Plaintiff to his complaint, Plaintiff is not eligible to be a participant in that plan. Further, Plaintiff does not allege that he had a reasonable expectation of returning to covered employment, or a colorable claim that he would either prevail in a suit for benefits or fulfill eligibility requirements in the future. See Firestone, 489 U.S. at 117-18. Therefore, though Abbott responded thirty-four, rather than allotted thirty, days after Plaintiff mailed his request for plan documents, see 29 U.S.C. § 1132(c)(1), Plaintiff cannot state a claim for relief under Section 502(c) because Plaintiff cannot plausibly allege that he is a plan participant entitled to receipt of the requested plan documents. Therefore, Defendant Doe's motion to dismiss Plaintiff's Section 502(c) claim must be granted for Plaintiff's failure to state a claim under that Section.

- 23 -

**B.**  **Counts III and IV: Breach of Contract and Fraud**

In addition to his ERISA Sections 502(a)(1)(B) and 502(c) claims, Plaintiff alleges state law claims for breach of contract and fraud on the basis of supplemental jurisdiction under 28 U.S.C. § 1367. (Sec. Am Compl. (Doc. 51) ¶ 11.) Because both of Plaintiff's ERISA claims must be dismissed, as explained above, this court lacks subject matter jurisdiction to hear Plaintiff's state law breach of contract and fraud claims. See 28 U.S.C. § 1367(c)(3); see also Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001). Therefore, Plaintiff's breach of contract and fraud claims are dismissed without prejudice.

**IV.  CONCLUSION**

In summary, Defendants Abbott, Kos, and AbbVie are not proper parties to Plaintiff's ERISA claims, Counts I and II, and this court will therefore grant their motions to dismiss as to those claims. This court will grant Defendant Doe's motion to dismiss as to Counts I and II because Plaintiff has not alleged that he is a participant in the Abbott Pension Plan, therefore Plaintiff fails to state a claim for relief under Sections 502(a)(1)(B) and 502(c). Finally, this court will dismiss without prejudice Plaintiff's state law breach of

- 24 -

contract and fraud claims, Counts III and IV, due to lack of subject matter jurisdiction.

　　**IT IS THEREFORE ORDERED** that Defendants Kos and AbbVie's Motion to Dismiss, (Doc. 55), is **GRANTED IN PART** and Counts I and II are **DISMISSED**.

　　**IT IS FURTHER ORDERED** that Defendants Abbott and Doe's Motion to Dismiss, (Doc. 57), is **GRANTED IN PART** and Counts I and II are **DISMISSED**.

　　**IT IS FURTHER ORDERED** that Plaintiff's remaining claims, Counts III and IV, are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

　　A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

　　This the 28th day of September, 2023.


_____
United States District Judge