IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID J. BOVA,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     1:21-cv-274
                                    )
ABBOTT LABORATORIES, INC.;          )
ABBVIE INC.; KOS                    )
PHARMACEUTICALS, INC.; and          )
JOHN DOE, PLAN ADMINISTRATOR;       )
                                    )
          Defendants.               )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is Plaintiff's Rule 59(e) Motion filed by Plaintiff David J. Bova. (Doc. 67.) For the reasons stated herein, the motion is denied.

Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). "Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." Ingle ex rel. Est. of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (citation and internal quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (cleaned up).

Plaintiff asks this court to reconsider its Memorandum Opinion and Order granting Defendants' Motions to Dismiss, (Doc. 65), because, according to Plaintiff, the court "relied specifically on documents provided by Defendants" that "were not incorporated into Plaintiff's complaint." (Doc. 68 at 5.) It is not clear to the court whether Plaintiff is confused as to the pleadings he filed with the court, but in rendering its Memorandum Opinion and Order, (Doc. 65), the court relied on Plaintiff's Second Amended Complaint, (Doc. 51), and the eight exhibits attached to it, (Docs. 51-1, 51-2, 51-3, 51-4, 51-5, 51-6, 51-7, and 51-8). Though Plaintiff now asserts that those exhibits were somehow not attached to his Complaint and were therefore impermissibly considered by this court, the court only considered Plaintiff's complaint and the exhibits attached to it when evaluating Defendants' motions to dismiss. Therefore, no clear error or manifest injustice has occurred.

Plaintiff also asserts that the court "construed the documents against Plaintiff" in violation of the standard of

review on a Rule 12(b)(6) motion to dismiss. (Doc. 68 at 8.) However, the court did not construe Plaintiff's exhibits against him. Rather, the court examined Plaintiff's Second Amended Complaint and its attached exhibits, concluding that, despite Plaintiff's interpretation of the exhibits as argued in his Second Amended Complaint, the facts established by exhibits themselves did not give rise to a claim under any of the four claims for relief presented by Plaintiff. The court's interpretation of the exhibits based on the unambiguous language contained within them, though contrary to Plaintiff's interpretations, is not "dead wrong" such that reversing the court's prior decision is warranted for a clear error of law or to prevent manifest injustice.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 59(e) Motion, (Doc. 67), is **DENIED**.

This the 4th day of April, 2024.

_____
United States District Judge

- 3 -

Case 1:21-cv-00274-WO-LPA   Document 76   Filed 04/04/24   Page 3 of 3